# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TERESA CLARK**                                                                 **PLAINTIFF**

**VS.**                              **NO. 4:19CV00287 JM**

**HUBER SPECIALTY HYDRATES, LLC.**                                               **DEFENDANT**

## ORDER

Pending is the Defendant's motion to dismiss Plaintiff's complaint. (Docket # 7). Plaintiff has filed a response. For the reasons stated herein, the motion is DENIED.

Plaintiff Teresa Clark filed a complaint against her former employer, Huber Specialty Hydrates, LLC. for alleged disability, race and gender discrimination, harassment, hostile work environment and retaliation pursuant to the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 et seq., Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §1981. Plaintiff filed her original complaint in the Circuit Court of Pulaski County. The case was removed to this court on April 23, 2019. Defendant moves to dismiss Plaintiff's complaint arguing that Plaintiff and Defendant reached a binding agreement resolving the claims asserted in this litigation; Plaintiff cannot establish a prima facie case of discrimination; and under the collective bargaining agreement, it was entitled to terminate Plaintiff's employment.

## Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

## Discussion

Defendant's motion raises disputed factual issues outside the allegations contained in the complaint. At this stage of the pleadings, the Court must accept Plaintiff's factual allegations as true. Plaintiff disputes that the parties reached a binding settlement of her asserted claims. Further, her complaint alleges sufficient facts to state plausible discrimination claims. The Court finds that Defendant's arguments can be more fully addressed in a motion for summary judgment at which time the Court can consider matters outside the pleadings.

Wherefore, the Defendant's motion to dismiss is denied.

IT IS SO ORDERED this 13th day of August, 2019.

_____
James M. Moody Jr.
United States District Judge